ISAIE ROSSEAU vs. NAPOLEON M. DESCHENES & another.

Worcester.    October 4, 1910. — October 18, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Evidence,* To show joint liability.   *Joint Tortfeasors.   Partnership.*

In an action of tort against two defendants for personal injuries alleged to have
   been sustained by the plaintiff while in the employ of the defendants jointly, the
   jury returned a verdict against both defendants, and the only question raised by
   exceptions of the two defendants was whether the presiding judge erred in ad-
   mitting in evidence upon the question of their joint liability a policy of insur-
   ance against loss from damages on account of injury or death suffered by
   employees of the insured, which was made out to the defendants jointly, in
   which they were described as engaged jointly in the business of carpenters and
   in which they jointly agreed to pay the premium.  The application for the pol-
   icy was not signed by either of the defendants, and was signed in their behalf
   by a person of whose authority there was no direct evidence.  The bill of ex-
   ceptions stated that "no question was made but that the policy had been duly
   executed and delivered and was still in force at the time" of the trial, and
   stated further that "the policy was produced in court by the counsel for the de-
   fendants at the request of the counsel for the plaintiff, but it did not appear
   which, if either, of the defendants had or had had custody of the policy, or
   which, if either, of the defendants produced it to the counsel for the defendants."
   *Held,* that these statements in the bill of exceptions, when taken in connection
   with the policy itself, warranted a finding that the policy belonged to and was
   held by the defendants jointly, and therefore that it was competent evidence
   upon the issue whether the defendants were partners or were jointly liable.

TORT for personal injuries alleged to have been sustained
while the plaintiff was employed as a carpenter by the two de-
fendants Napoleon M. Deschenes and Joseph Charron jointly, by
reason of the breaking of a defective bracket, which supported a
staging on which the plaintiff was standing while at work upon
a house in process of erection at the corner of Clarendon Street
and Randolph Street in Fitchburg.   Writ dated August 14,
1907.

In the Superior Court the case first was tried before *Sanderson,*
J., who ordered a verdict for the defendants.   The plaintiff al-
leged exceptions, which were sustained by this court in a deci-
sion reported in 203 Mass. 261.

There was a new trial before *Dana,* J.

It appeared that the plaintiff was hired to work on the house

by the defendant Charron, a carpenter ; and one of the principal
issues in the case, upon which both the plaintiff and the defend-
ants offered evidence, was whether a partnership or a joint under-
taking existed between the defendant Charron and the defendant
Deschenes in the building of this house, so that Deschenes might
be held liable for the plaintiff's injuries jointly with Charron.
At the end of the defendants' evidence, in which they gave much
testimony which might tend to show that the defendants were
not partners, the plaintiff offered in rebuttal, and upon the single
question of the partnership of the defendants, a policy of employ-
er's liability insurance, stated therein to be issued to Joseph
Charron and N. M. Deschenes, upon their application, such ap-
plication, upon reference to the policy, appearing not to be signed
by either Charron or Deschenes, the policy being No. 128,577
in the Frankfort Marine, Accident and Plate Glass Insurance
Company.   The policy was produced in court by the counsel for
the defendants at the request of the counsel for the plaintiff, but
it did not appear which, if either, of the defendants had or had
had custody of the policy, or which, if either, of the defendants
produced it to the counsel for the defendants.   No evidence was
offered showing at whose solicitation the policy was issued by
the company other than the application which was set forth on
the back of the policy.   No question was made but that the policy
had been duly executed and delivered and was still in force at
the time it was produced in court.

The defendants objected to the admission of the policy in evi-
dence, but it was admitted by the judge against the objection of
each of the defendants, solely on the issue raised by the defend-
ants as to whether the two defendants were partners or were
jointly liable.   To the ruling admitting the policy in evidence
each of the defendants excepted.     .

The jury returned a verdict for the plaintiff against both de-
fendants in the sum of $5,000, of which by requirement of the
judge the plaintiff remitted all in excess of $4,000.   The de-
fendants alleged exceptions, relating to the single matter of the
admission in evidence of the insurance policy for the purpose
above stated.

*H. R. Bygrave,* (*F. F. Dresser* with him,) for the defendants.
*M. M. Taylor*, for the plaintiff, was not called upon.

MORTON, J. The only question in this case is whether the policy of insurance was rightly admitted as tending to show that the defendants were partners or were jointly liable. It is not contended that, if admissible for that purpose, the fact, that it was inadmissible for the purpose of showing that the defendants were insured, rendered it incompetent. The policy was what is called a liability insurance policy; that is, a policy insuring against loss from damages on account of injury or death suffered by employees of the insured. The defendants are jointly named in the policy as the insured, and are described as jointly engaged in the business of carpenters, and they jointly agree to pay the premium. The application was not signed by them, but by one Charles F. Wilson. There was no evidence in regard to his authority, and no evidence, meaning, of course, no direct evidence, except the application showing at whose solicitation the policy was issued. In order to render the policy admissible against the defendants it was necessary that it should appear or that there should be evidence tending to show that it was procured by them or by their authority, or that, if they did not apply for it, or authorize Wilson to do so, that they had ratified what he had done by accepting the policy and electing to hold under it. The bill of exceptions recites that " No question was made but that the policy had been duly executed and delivered and was still in force " at the time of the trial. This must mean " duly delivered " to the persons named in it as the insured, that is, to the defendants. The exceptions also recite that " The policy was produced in court by the counsel for the defendants at the request of the counsel for the plaintiff, but it did not appear which, if either, of the defendants had or had had custody of the policy, or which, if either, of the defendants produced it to the counsel for the defendants." The natural inference from the production of the policy by the counsel for the defendants would be that it was in their possession and belonged to them. This inference would be strengthened rather than weakened by the absence of anything tending to show which, if either, of the defendants had the custody of it and which, if either, produced it to their counsel. The statements to which we have thus referred in the bill of exceptions, when taken in connection with the policy itself, plainly warranted

a finding that it belonged to and was held by the defendants jointly. That being so, it was clearly competent for the purpose for which it was admitted, which was solely on the issue whether the defendants were partners or were jointly liable.

*Exceptions overruled.*